PEOPLE v. BUCCUFURRI.

(Supreme Court, Appellate Division, Second Department. January 17, 1913.)

1. APPEAL AND ERROR (§ 569*)—CASE ON APPEAL—CONTENTS.

　　The case on appeal should show the facts as they really happened on the trial, and where there are errors or omissions in the stenographer's minutes should not follow the minutes.

　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2530–2545; Dec. Dig. § 569.*]

2. APPEAL AND ERROR (§ 569*)—CASE ON APPEAL—SETTLEMENT.

　　The responsibility of settling a case on appeal is on the trial judge, and his notes and recollection of what occurred must prevail; and while he may be aided by the stenographer's minutes, he should not rely upon them alone.

　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2530–2545; Dec. Dig. § 569.*]

3. APPEAL AND ERROR (§ 570*)—CASE ON APPEAL—SETTLEMENT—REVIEW.

　　While the Appellate Division cannot dictate as to how the trial judge should settle a case, where he has based the settlement entirely upon the stenographer's minutes, and not on his personal recollection, refreshed or aided by other means, it will order a resettlement.

　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2546–2549; Dec. Dig. § 570.*]

Appeal from Special Term, Kings County.

Proceeding by the People against Vincenzo Buccufurri. From an order denying a motion to resettle the case on appeal, defendant appeals. Reversed, and case remitted for resettlement.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Samuel Wechsler, of New York City, for appellant.

Hersey Egginton, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., of Brooklyn, on the brief), for the People.

RICH, J. This appeal is from an order denying appellant's motion to resettle a case on appeal and to allow a proposed amendment, so that it will contain an exception to the refusal of the trial court to charge as requested by appellant. The exception was in the proposed case on appeal, but was stricken out upon the settlement of the case, upon the ground as stated in the memorandum of the learned justice at Special Term:

"Case and amendments settled. I must allow the ninth amendment. Stenographer's minutes show no exception taken, or intimation that counsel was not satisfied with the response to the request."

The affidavit of the attorney who represented the respondent at the trial, as well as that of his assistant, state that the exception was taken. The assistant district attorney averred that to the best of his recollection no exception was taken.

[1, 2] A party to an appeal is entitled to have his case show the facts as they really happened on the trial, and should not be prejudiced by an error or an omission of the stenographer. The duty is upon the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

trial judge to pass upon the accuracy of the record. The minutes of the stenographer are entitled to great weight, but they are not conclusive. Otto v. Young, 43 Misc. Rep. 630, 88 N. Y. Supp. 188; McCready v. Lindenborn, 24 Misc. Rep. 606, 54 N. Y. Supp. 46. The responsibility of settling a case is upon the trial judge. His notes and his recollection of what occurred, and any other means which may satisfy him, must prevail; and while he may be aided by the stenographer's minutes, he ought not to rely upon them alone.

[3] It is beyond our power to dictate as to how a case should be settled, and we do not presume to do so; but we cannot assume that the ruling was based upon the personal recollection of the trial justice, refreshed or aided by other means, in view of the record before us.

The order of the Special Term must therefore be reversed, and the case remitted to the trial justice for resettlement. All concur.