THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM H. SMITH, JR., Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment entered on convictions for three counts of burglary in the third degree and two counts of petit larceny, defendant raises several claims, none requiring reversal. Defendant was discovered in a room located in a building that housed several other businesses. Defendant fled to a car outside and was arrested shortly thereafter based upon a check of the car's license plate. Defendant relied upon an alibi defense, testifying that he was with a friend at the time of the alleged crimes.

Defendant's claim of ineffective assistance of counsel is based upon his trial counsel's failure to call the alibi witness, who resided in Vermont at the time of trial. Defense counsel, however, did secure a court order permitting an investigator to interview the witness *(cf. People v Droz,* 39 NY2d 457, 462). Since the reason the witness was not called is not apparent from the record, we presume it was based upon sound trial strategy and did not deprive defendant of a fair trial *(see, Strickland v Washington,* 466 US 668, 690-691, 104 S Ct 2052, 2065-2066; *People v Baldi,* 54 NY2d 137, 147; *People v Harris,* 109 AD2d 351, 360-361; *cf. People v Zayas,* 61 AD2d 594, 597-598). We have considered defendant's remaining claims regarding ineffective assistance of counsel and find them without merit.

There was a sufficient independent basis for the eyewitness' in-court identification based upon the witness having viewed the defendant at the scene of the crime and during defendant's immediate flight thereafter *(see, People v Pleasant,* 54 NY2d 972, *cert denied* 455 US 924; *People v Adams,* 53 NY2d 241, 248; *People v Thompson,* 97 AD2d 554). We have reviewed defendant's remaining claims and find them lacking in merit. (Appeal from judgment of Oneida County Court, Darrigrand, J.—burglary, third degree.) Present—Dillon, P. J., Denman, Boomer, Green and O'Donnell, JJ.