■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY J. MACKIE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted by a jury verdict, after a second retrial, of four counts of rape in the first degree (Penal Law § 130.35) and one count of sodomy in the first degree (Penal Law § 130.50). On defendant's first appeal, we concluded that it was error to admit into evidence items seized during the warrantless search of defendant's apartment by his parole officer and two police officers *(People v Mackie,* 77 AD2d 778). On the second appeal, we ruled that the court should have suppressed a statement taken by the police and testimony pertaining to voice and lineup identifications based upon a violation of defendant's right to counsel *(People v Mackie,* 100 AD2d 739). On this appeal, defendant

argues that based upon the illegal search and seizure and the illegal lineup, there was no probable cause to arrest him and, therefore, the indictment must fall. There is no merit to this claim.

Defendant cannot claim immunity from prosecution simply because his appearance in court was precipitated by an unlawful arrest *(United States v Crews,* 445 US 463; *People v Young,* 55 NY2d 419, 426, *cert denied* 459 US 848). Defendant is not himself a suppressible "fruit" and the illegality of his detention cannot deprive the People of the opportunity to prove his guilt through the introduction of evidence wholly untainted by the police misconduct *(United States v Crews, supra,* at 474). The complainant's presence in the courtroom at defendant's trial was not the product of any police misconduct, nor did the propriety of defendant's arrest infect the complainant's ability to give accurate identification testimony. There is ample evidence in the record that the complainant's identification of defendant as her assailant rested on her independent recollection of her encounter with defendant and thus, the court properly permitted the complainant to identify defendant at trial *(see, People v Jenkins,* 132 AD2d 942; *People v Smith,* 115 AD2d 304; *People v Washington,* 111 AD2d 418, *lv denied* 66 NY2d 768).

Viewing the evidence in the light most favorable to the People, the jury verdict was not against the weight of the evidence and was legally sufficient *(see, People v Bleakley,* 69 NY2d 490).

We have reviewed the other claims raised on appeal and find them to be without merit. (Appeal from judgment of Supreme Court, Cayuga County, Davis, J.—rape, first degree, and other offenses.) Present—Callahan, J. P., Denman, Green and Balio, JJ.