■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT CARROLL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered January 6, 1989, convicting him of rape in the first degree (three counts), sodomy in the first degree, burglary in the first degree, burglary in the second degree, sexual abuse in the first degree (two counts), grand larceny in the third degree, and criminal possession of a weapon in the fourth

degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's claim that all voice identification testimony should be excluded as unreliable is contrary to long-established law and must be rejected (see, People v Allweiss, 48 NY2d 40, 44-45; Matter of Ryan W., 143 AD2d 435, 437; People v Burton, 134 AD2d 269; People v Mackie, 133 AD2d 514; People v Zocchi, 133 AD2d 478). Evidence of factors of perception and memory that may affect the reliability of such identifications are properly the subject of expert testimony at trial, and are admissible in the court's discretion (see, People v Mooney, 76 NY2d 827). However, the defendant offered no such evidence at trial, and may not attempt such an evidentiary showing for the first time on appeal (see, CPL 470.05 [2]).

The police employed an audio-identification procedure whereby they asked the complainants to listen to tape recordings of the defendant's voice and the voices of other individuals. We find no merit in the defendant's claim that the audiotaped "lineup" was unduly suggestive. Thompson, J. P., Harwood, Rosenblatt and Miller, JJ., concur.