■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WELTON BOOKMAN, Appellant. [648 NYS2d 661] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (DeLury, J.), rendered December 7, 1994, convicting him of robbery in the third degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing evidence establishes that the lineup viewed by the complainant was fair

and not impermissibly suggestive. The detective who organized the lineup testified that he selected "fill-ins" by finding individuals with physical characteristics comparable to those of the suspect. In this regard, the photograph of the lineup shows that all five "fill-ins" were black males whose complexion, hairstyle, and facial characteristics were similar to that of the defendant (cf., *People v Rosado,* 222 AD2d 617; *People v Phillips,* 145 AD2d 656, 657). In addition, all participants were of a similar age, height, and weight, and were wearing comparable clothing.

Moreover, although the defendant was the only individual in the lineup with a "sleepy eye", this feature did not, as the defendant contends, "figure prominently" in the complainant's description of the assailant. Rather, this was merely one of a variety of features or characteristics that the complainant related to the police, and, insofar as the record indicates, was not in any way emphasized over any other particular characteristic included in the complainant's description. In any event, there is no requirement that a defendant in a lineup be surrounded by individuals nearly identical in appearance (see, *People v Chipp,* 75 NY2d 327, 336; *People v Mattocks,* 133 AD2d 89, 90; *People v Rodriguez,* 124 AD2d 611, 612). Accordingly, based on the totality of the circumstances, it cannot be said that there was a substantial likelihood of misidentification (see, *Neil v Biggers,* 409 US 188, 198; *People v Adams,* 53 NY2d 241, 249).

The defendant's remaining contention is without merit. Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.