■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FOSTER, Appellant. [707 NYS2d 229] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bruno, J.), rendered March 30, 1998, convicting him of attempted murder in the second degree, robbery in the first degree, assault in the first degree, criminal possession of a weapon in the second degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the lineup procedure was unduly suggestive since he was the only participant with protruding or large eyes is without merit. There is no requirement that a defendant be surrounded by individuals identical to himself (*see, People v Chipp,* 75 NY2d 327; *People v Graham,* 261 AD2d 413; *People v Gelzer,* 224 AD2d 443; *People v Baptiste,* 201 AD2d 659). All that is required is that the participants

resemble each other sufficiently so as not to create a substantial likelihood that the defendant would be singled out for identification (*see, People v Chipp, supra*). Here, the fillers were selected based on their similar characteristics to the defendant. All the fillers were of African-American descent, all were of approximately the same height and weight, and had similar complexions, facial hair, and clothing. Thus, even if the defendant was the only participant with large eyes, that fact did not render the lineup suggestive (*see, People v Bookman,* 232 AD2d 498).

The defendant's remaining contentions are without merit. Thompson, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.