■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEN HAYMON, Appellant. (Appeal No. 1.) [716 NYS2d 848] —Judgment unanimously affirmed. Memorandum: County Court properly admitted in evidence the redacted statement of defendant's nontestifying accomplice as a declaration against penal interest. The People established that the accomplice invoked his constitutional privilege against self-incrimination and thus was unavailable as a witness; he was aware when he made the statement that it was contrary to his penal interest; he had competent knowledge of the underlying facts; and there was sufficient competent evidence independent of the declaration to assure its trustworthiness and reliability (*see, People v*

*Brensic,* 70 NY2d 9, 15, *mot to amend remittitur granted* 70 NY2d 722; *People v Thomas,* 68 NY2d 194, 197, *cert denied* 480 US 948). The record does not support the further contention that defendant was illegally arrested and removed from the State of Florida by Rochester police officers. In any event, "[d]efendant is not himself a suppressible 'fruit' ", and any illegality in obtaining the presence of defendant at trial "cannot deprive the People of the opportunity to prove his guilt through the introduction of evidence wholly untainted by the police misconduct" (*People v Mackie,* 133 AD2d 514, 515, *lv denied* 70 NY2d 934; *see, United States v Crews,* 445 US 463, 474; *People v Young,* 55 NY2d 419, 426, *cert denied* 459 US 848). The sentence is not unduly harsh or severe. (Appeal from Judgment of Monroe County Court, Smith, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.