■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK COOPER, Appellant. [749 NYS2d 873] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered March 1, 2001, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to an aggregate term of 4½ to 9 years, unanimously affirmed.

Defendant's objections to the court's delivery, during voir dire, of an unrequested instruction to the jury to draw no adverse inference in the event that defendant chose not to testify, and to the expansive language of that charge, are objections requiring preservation (*People v Autry*, 75 NY2d 836), and we decline to review these unpreserved claims in the interest of justice. Were we to review these claims, we would find that the court's instructions as a whole conveyed the proper standards (*see People v Fields*, 87 NY2d 821; *People v Sanchez*, 288 AD2d 16, *lv denied* 97 NY2d 733), and that defendant was not deprived of a fair trial.

However, we take this opportunity to note that the clear legislative command of CPL 300.10 (2) would be best served if judges instructed juries about a defendant's failure to testify only when requested, and only in accordance with that statute's specific language (*see* 1 CJI[NY] 7.05). Concur—Williams, P.J., Nardelli, Ellerin, Rubin and Marlow, JJ.