THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE WATSON, Appellant. [919 NYS2d 861]—

The defendant was tried on charges of criminal sale of a controlled substance in the third degree, criminal facilitation in the fourth degree, and criminal possession of a controlled substance in the seventh degree. At the close of evidence in the nonjury trial, the defendant's counsel requested that the Supreme Court consider the agency defense as to the criminal sale and criminal facilitation counts, and the court agreed to consider the defense. The Supreme Court subsequently rendered its verdict, finding that the prosecution had failed to disprove beyond a reasonable doubt the defendant's agency defense, and acquitting the defendant of criminal sale of a controlled substance in the third degree on that basis. The Supreme Court convicted the defendant of criminal facilitation in the fourth degree and criminal possession of a controlled substance in the seventh degree. The defendant raised no challenge to the verdict in the Supreme Court.

The defendant's current contention that the Supreme Court improperly refused to consider the agency defense as to the charge of criminal facilitation in the fourth degree is without merit, since the Supreme Court expressly agreed to consider the defense, and there is no indication in the record that it failed to do so with respect to the criminal facilitation count. The de-

fendant infers that the Supreme Court must have failed to consider the agency defense as to criminal facilitation in the fourth degree because had it done so, it would have been required to acquit the defendant of that charge in order to be consistent with its acquittal on the charge of criminal sale of a controlled substance in the third degree. Thus, the defendant's argument is actually that the verdict was repugnant or inconsistent, a contention not advanced by him before the Supreme Court. Accordingly, to the extent that the defendant contends that the verdict was repugnant or inconsistent, his argument is unpreserved for appellate review (see People v Alfaro, 66 NY2d 985, 987 [1985]), and we decline to reach it in the exercise of our interest of justice jurisdiction. Mastro, J.P., Skelos, Balkin and Roman, JJ., concur.