# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1154**

**KA 09-01022**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                        V                                MEMORANDUM AND ORDER

RICHARD EPOLITO, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

RICHARD EPOLITO, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (SUSAN C. AZZARELLI OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered May 15, 2009. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law and a new trial is granted.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of robbery in the second degree (Penal Law § 160.10 [2] [a]), defendant contends in his main and pro se supplemental briefs that he was deprived of a fair trial based on, inter alia, prosecutorial misconduct on summation. Although that contention is not preserved for our review (*see* CPL 470.05 [2]), we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). During summation, the prosecutor improperly vouched for the credibility of prosecution witnesses (*see People v Lyon*, 77 AD3d 1338, 1139, *lv denied* 15 NY3d 954; *People v Tolbert*, 198 AD2d 132, 133, *lv denied* 83 NY2d 811). We reject the People's contention that the prosecutor's comments during summation were a proper response to the summation of defense counsel (*cf. People v Halm*, 81 NY2d 819, 821). We therefore agree with defendant that the cumulative effect of the prosecutor's improper comments during summation deprived defendant of his right to a fair trial, requiring reversal (*see People v Pagan*, 2 AD3d 879, 880).

Defendant further contends in his main brief that Supreme Court erred in denying his motion to suppress the testimony related to his identification on the ground that the photo array was unduly

suggestive.  We reject that contention.  Although defendant's photo was the only one in the array showing a man with "salt-and-pepper" hair, the other photos showed men who appear to be of the same race and who had facial characteristics that were similar to those of defendant (*see People v Corchado*, 299 AD2d 843, 844, *lv denied* 99 NY2d 851).  Defendant's contention in his main brief with respect to the jury instruction is not preserved for our review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

In light of our decision to grant a new trial, we do not address defendant's remaining contentions in his main and pro se supplemental briefs.

Entered:  December 21, 2012                     Frances E. Cafarell
                                                Clerk of the Court