by the defendant from (1) a judgment of the County Court, Orange County (Bivona, J.), rendered September 21, 2010, convicting him of rape in the second degree, aggravated criminal contempt, criminal contempt in the first degree, assault in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence, and (2) a resentence of the same court imposed November 30, 2010, resentencing him to a determinate term of imprisonment of seven years upon his conviction of rape in the second degree, an indeterminate term of imprisonment of SVz to 7 years upon his conviction of aggravated criminal contempt, an indeterminate term of imprisonment of 2 to 4 years upon his conviction of criminal contempt in the first degree, a determinate term of imprisonment of seven years upon his conviction of assault in the second degree, a definite term of imprisonment of one year upon his conviction of endangering the welfare of a child, and certain periods of post-release supervision, with the resentence imposed upon the conviction of assault in the second degree to run consecutively with the concurrently imposed resentences upon the convictions of rape in the second degree, aggravated criminal contempt, criminal contempt in the first degree, and endangering the welfare of a child.
Ordered that the appeal from so much of the judgment as imposed the sentence is dismissed, as that portion of the judgment was superseded by the resentence; and it is further,
Ordered that the judgment is affirmed insofar as reviewed; and it is further,
Ordered that the resentence is modified, on the law, by directing that all of the resentences run concurrently with each other; as so modified, the resentence is affirmed.
The defendant’s contention that the evidence was legally *822 insufficient to support his convictions of rape in the second degree, aggravated criminal contempt, criminal contempt in the first degree, assault in the second degree, and endangering the welfare of a child is partially unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish his guilt of those offenses beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdicts of guilt on those counts were not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention that he is entitled to vacatur of the conviction of rape in the second degree because the County Court improperly curtailed his cross-examination of the complainant and precluded him from presenting the testimony of certain defense witnesses is without merit.
The defendant’s contention, in effect, that the verdict was inconsistent to the extent that the jury found him guilty of assault in the second degree but acquitted him of rape in the first degree, sexual abuse in the first degree, burglary in the first degree, and kidnaping in the second degree is unpreserved for appellate review (see People v Alfaro, 66 NY2d 985, 987 [1985]; People v Watson, 82 AD3d 1276, 1277 [2011], affd 20 NY3d 182 [2012]) and, in any event, is without merit.
As the People correctly concede, the resentence imposed upon the conviction of assault in the second degree should have been imposed to run concurrently with the concurrently imposed resentences upon the other convictions (see Penal Law § 70.25 [2]; People v Laureano, 87 NY2d 640, 643 [1996]).
The defendant’s remaining contentions are without merit. Dillon, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur.