■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE McCALMON, Appellant. [54 NYS3d 431]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lopresto, J.), rendered June 23, 2014, convicting him of burglary in the first degree, robbery in the first degree (two counts), robbery in the second degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the verdict was repugnant is unpreserved for appellate review, as the defendant failed to raise that issue before the jury was discharged (see People v Alfaro, 66 NY2d 985, 987 [1985]; People v Satloff, 56 NY2d 745, 746 [1982]; People v Callistro 146 AD3d 795 [2017]). The defendant's contention that a police detective's testimony improperly bolstered the complainant's testimony (see People v Trowbridge, 305 NY 471 [1953]) is also unpreserved for appellate review (see CPL 470.05 [2]; People v Rodriguez, 139 AD3d 883, 884 [2016]; People v Watson, 121 AD3d 921, 922 [2014]). Under the circumstances, we decline to reach these issues in the exercise of our interest of justice jurisdiction (see People v Watson, 82 AD3d 1276, 1277 [2011], affd 20 NY3d 1018 [2013]; People v Johns, 30 AD3d 614, 614-615 [2006]; People v Spears, 188 AD2d 669, 670 [1992]; People v Wilson, 187 AD2d 689, 690 [1992]; People v Ferguson, 146 AD2d 798, 798 [1989]).

The defendant's contention, raised in his main brief and his pro se supplemental brief, that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011]; see People v Evans, 16 NY3d 571, 575 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (see People v Ockrey, 142 AD3d 511, 511 [2016]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see id.; People v Maxwell, 89 AD3d at 1109).

The defendant contends that the Supreme Court erred in

denying that branch of his omnibus motion which was to suppress identification testimony because the photo array identification procedure was unduly suggestive. Since the defendant did not raise the specific ground upon which he now challenges the photo array identification procedure, his argument is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Lago*, 60 AD3d 784, 784-785 [2009]; *People v Warren*, 50 AD3d 706, 707 [2008]; *People v Washington*, 40 AD3d 1136, 1136-1137 [2007]). In any event, the photo array was not unduly suggestive (*see People v Epolito*, 101 AD3d 1603 [2012]; *People v Spence*, 92 AD3d 905 [2012]; *People v Lago*, 60 AD3d at 785; *People v Foster*, 272 AD2d 410 [2000]).

The defendant's contention, raised in his pro se supplemental brief, that the Supreme Court erred in denying that branch of his omnibus motion which was premised on his assertion that the police lacked probable cause to arrest him is without merit (*see generally United States v Crews*, 445 US 463, 474 [1980]; *People v Young*, 55 NY2d 419, 426 [1982]; *People v Haymon*, 277 AD2d 971, 972 [2000]; *People v Mackie*, 133 AD2d 514, 515 [1987]).

The defendant's contention, raised in his pro se supplemental brief, that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant's contention, raised in his main brief and his pro se supplemental brief, that the verdict of guilt was against the weight of the evidence is without merit. Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt as to the crimes of which the defendant was convicted was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]). The defendant's acquittal of one of the counts charging him with burglary in the first degree does not, given the entire record of the trial, convince us otherwise (*see generally People v Mitchell*, 148 AD3d 730 [2017]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Balkin, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.