People v Neofytides (2021 NY Slip Op 50295(U))

[*1]

People v Neofytides (Demetrios)

2021 NY Slip Op 50295(U) [71 Misc 3d 130(A)]

Decided on April 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2017-1121 Q CR

The People of the State of New York,
Respondent,
against
Demetrios Neofytides, Appellant. 

Appellate Advocates (Michael Arthus of counsel), for appellant.
Queens County District Attorney (Johnnette Traill, Ellen C. Abbot and John F. McGoldrick of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(John Zoll, J.), rendered February 24, 2017. The judgment convicted defendant, upon a jury
verdict, of driving while intoxicated (common law) and failing to signal, and imposed
sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with driving while intoxicated (common
law) (Vehicle and Traffic Law § 1192 [3]) and failing to signal (Vehicle and Traffic Law
§ 1163 [c]). On multiple dates, and before different judges of the Criminal Court, defendant
insisted upon waiving counsel and representing himself at a suppression hearing and a jury trial,
which request the court granted by order issued on February 10, 2015. Following the hearing,
defendant's motion to suppress was denied. The jury subsequently found defendant guilty of both
charges, and the court imposed sentence on February 24, 2017.
Defendant now protests that the court's grant of a waiver of counsel pursuant to his request
was improvident. We disagree. The Criminal Court repeatedly implored defendant to reconsider
his request. The court informed defendant of the seriousness of this case, discussed his exposure
to incarceration, questioned his understanding about various legal rules and concepts, and
compared his high school education with that of an attorney, all to no avail. Defendant was
insistent in his timely and unequivocal request to proceed pro se (see People v [*2]McIntyre, 36 NY2d 10, 17 [1974]). The one-time comment by
counsel during an early court appearance that defendant "is a step away from a 730" was rightly
disregarded by the court. The statement was unaccompanied by any explanation, evidence or a
request for a CPL article 730 examination. Further, it is clear from his on-the-record behavior
throughout the nearly three-year life of this case, including his self-representation during the
suppression hearing and jury trial, that defendant never " 'engaged in conduct which would
prevent the fair and orderly exposition of the issues' " (Matter of Kathleen K. [Steven K.], 17 NY3d 380, 385 [2011],
quoting McIntyre, 36 NY2d at 17). 
Defendant's claim, again without explanation, that, because of his homelessness, the court
should have denied his request for a waiver of counsel is plainly without merit. Although the
court did not ask certain questions pointed out by defendant before allowing him to
self-represent, "there is no mandatory catechism that the court must recite and no obligation that
the court identify every consequence of forgoing counsel" (People v Lavidas, 36 Misc 3d 160[A], 2012 NY Slip Op 51827[U],
*2 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; see People v Anderson, 94 AD3d 1010, 1012 [2012] ["defendant's .
. . waiver was not ineffective for lack of inquiry into specific factors"]). When we "look to the
whole record, not simply to the questions asked and answers given during a waiver colloquy" (People v Providence, 2 NY3d 579,
581 [2004]), we are satisfied that "the colloquy by the [c]ourt was sufficient to ensure that . . .
defendant was aware of the drawbacks of self-representation" (People v Smith, 187 AD3d 944,
946 [2020]).
Each of defendant's protestations regarding the Criminal Court's jury instructions is
unpreserved, as he objected to none of them (see CPL 470.05 [2]; People v Autry,
75 NY2d 836, 839 [1990]), and we decline to address them as a matter of discretion in the
interest of justice (cf. Roundtree v Singh, 143 AD2d 995, 996 [1988]; People v Hakim, 60 Misc 3d
137[A], 2018 NY Slip Op 51112[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists
2018]).
In any event, defendant's claims are unavailing on the merits. Two prospective jurors,
respectively, posed the following questions to defendant during jury selection: "Why don't you
have a lawyer?" and "Without a law degree, are you going to be able to communicate the events
and testify on your own behalf to be convincing?" In response, the court gave expanded
instructions on defendant's rights to remain silent and to self-representation. The instructions
were correct, which defendant does not dispute, well-tailored to the questions, and when "read . .
. as a whole," not "likely to confuse the jury as to the proper burden of proof" (People v
Fields, 87 NY2d 821, 823 [1995]). We agree that, usually, "the clear legislative command of
CPL 300.10 (2) would be best served if judges instructed juries about a defendant's failure to
testify only when requested, and only in accordance with that statute's specific language"
(People v Cooper, 300 AD2d 4, 4 [2002]). However, this was not a usual trial. During
jury selection, defendant, representing himself, did not recognize issues that could prejudice him
at trial. The court stepped in to protect defendant's rights (see Fields, 87 NY2d at 823
["the court's extensive, accurate instructions . . . safeguarded against . . . an impermissible
inference" being made by jurors]). 
The issue of settlement of the transcript is unreviewable on direct appeal (see People v Bethune, 29 NY3d
539 [2017]; People v Buccufurri, 154 App Div 827 [1913]). Granted, "[p]arties to an
appeal are entitled to have that record show the facts as they really happened at [*3]trial, and should not be prejudiced by an error or omission of the
stenographer" (Bethune, 29 NY3d at 541, citing Buccufurri, 154 App Div at 828).
However, it is the Criminal Court that "is the 'final arbiter of the record' certified to the appellate
courts" (Bethune, 29 NY3d at 541, quoting People v Alomar, 93 NY2d 239, 247
[1999]; see Judiciary Law § 7-a), and it "is beyond our power to dictate as to how a
case should be settled" (Buccufurri, 154 App Div at 829).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 9, 2021