# (January 22, 1981)

■ In the Matter of EUGENE GOLD, as District Attorney of Kings County, Petitioner, v WILLIAM H. BOOTH, as Justice of the Supreme Court, Respondent, et al., Defendant. — Proceeding pursuant to CPLR article 78 to prohibit the respondent from enforcing his order dated January 12, 1981 dismissing the present Grand Jury proceeding and directing that the two charges against the defendant Terrence Burke be submitted to two separate Grand Juries. Petition granted, on the law, without costs or disbursements, and respondent is prohibited from enforcing his order of January 12, 1981. By two felony complaints, the defendant was charged with crimes allegedly committed on December 10 and 11, 1980, robbery in the third degree and attempted robbery in the third degree on the earlier date, and robbery and criminal possession of stolen property, both in the second degree, on the later date. The defendant indicated his desire to testify before the Grand Jury with respect to only one of the felony complaints. On January 7, 1981 the People presented evidence of the crimes charged in both felony complaints to a single Grand Jury, the term of which is due to expire on January 23, 1981. By order to show cause and supporting papers alleging "overwhelming prejudice", the defendant sought an order directing the People to present the two felony complaints to two separate Grand Juries. After argument, Criminal Term granted the relief, in the interest of justice, because of possible prejudice to the defendant. We hold that order to have been improperly granted, and prohibition is warranted. The order constitutes an unauthorized exercise of jurisdiction over both the Grand Jury proceeding and the quasi-executive function of a prosecutor in the investigation of crime. (See *Matter of McGinley v Hynes,* 51 NY2d 116.) CPL 200.20 (subd 2, par [c]) authorizes joinder in a single indictment of more than one offense, provided that all of the charged offenses are joinable. Offenses are joinable for purposes of that provision, when, *inter alia,* "Even though based upon different criminal transactions * * * such offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law". The principal crimes with which the defendant is charged clearly are joinable by virtue of their statutory definitions (see Penal Law, §§ 160.10, 160.05). Hence, evidence of both may be presented to a single Grand Jury. The order challenged here by the People, granted on no more than the defendant's allegation of prejudice, precludes the Grand Jury from considering crimes joinable pursuant to CPL 200.20 (subd 2, par [c]). It therefore constitutes an unauthorized and unwarranted restraint upon the legitimate function of a prosecutor to investigate crime. It should be noted that the defendant has several remedies available to him after filing of an indictment. Hopkins, J. P., Titone, Rabin and Weinstein, JJ., concur.