■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMEL SIMON, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Rienzi, J.), dated September 16, 1991, which granted the defendant's motion to dismiss the indictment, with leave to resubmit, on the ground that he was deprived of his right to appear before the Grand Jury pursuant to CPL 190.50.

Ordered that the order is reversed, on the law, the motion is denied, and the indictment is reinstated.

The defendant was accused of committing two robberies, occurring one week apart and involving different victims. On March 7, 1991, the People served notice of their intent to submit the robbery charges to a Grand Jury. At that time, the defense counsel stated that he was serving "reciprocal notice [of the defendant's intent to testify] on both of these cases". Subsequently, the defense counsel informed the prosecutor that the defendant wished to testify and offer an alibi defense as to one of the incidents, and asked that the robberies be submitted to different Grand Juries. The prosecutor refused, but offered to limit cross-examination of the defendant to that robbery concerning which he was offering an alibi defense. Under these circumstances, the defendant withdrew his notice of intent to testify. Thereafter, the court held that the prosecutor's refusal to submit the robbery charges to different Grand Juries violated the defendant's right to testify before the Grand Jury. We reverse.

In *Matter of Gold v Booth* (79 AD2d 1013), under similar facts, this court held that it was error to require the prosecutor to present evidence of joinable crimes to separate Grand Juries. Here, too, it is undisputed that the crimes the defendant is charged with are joinable pursuant to CPL 200.20 (2) (c) *(see, People v McNeil,* 165 AD2d 882). The crimes were properly presented to one Grand Jury. Indeed, a contrary result would afford defendants greater rights at the Grand Jury stage than at trial, where the defendant must make a showing "that the risk of prejudice is substantial" before being entitled to a severance of properly joined charges (CPL 200.20 [3] [b]; *People v Squires,* 171 AD2d 893, 893-894). Accordingly, the indictment is reinstated. Sullivan, J. P., Lawrence, Miller and O'Brien, JJ., concur.