■ In the Matter of CHARLES J. HYNES, as District Attorney of Kings County, Petitioner, v ALBERT TOMEI, as a Justice of the Supreme Court, Kings County, et al., Respondents. [657 NYS2d 195] —Proceeding pursuant to CPLR article 78 in the nature of prohibition, *inter alia*, to prohibit the respondent Albert Tomei, Justice of the Supreme Court, Kings County, from enforcing a ruling, dated April 8, 1997, made in an underlying criminal action entitled *People v David Still*, under Kings County Indictment No. 7635/95, which directs the petitioner, the District Attorney of Kings County, not to supersede that indictment with a new indictment containing an additional offense.

Upon the petition and the papers filed in support of the proceeding, and the papers filed in opposition thereto, it is

Adjudged that the petition is granted, without costs or disbursements, and the respondent Albert Tomei is prohibited from enforcing the ruling dated April 8, 1997, in the underlying criminal action entitled *People v David Still,* under Kings County Indictment No. 7635/95.

The joinder in a single indictment of more than one offense is authorized by CPL 200.20 (1) provided that all of the charged offenses are "joinable". Two offenses are joinable when, *inter alia,* "[e]ven though based upon different criminal transactions, such offenses * * * are of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first" (CPL 200.20 [2] [b]), or when "[e]ven though based upon different criminal transactions * * * such offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law" (CPL 200.20 [2] [c]). CPL 200.80 allows a prosecutor to obtain a superseding indictment against a defendant at any time prior to entry of a guilty plea or commencement of a trial on the original indictment.

While we do not necessarily condone the procedure utilized by the petitioner District Attorney in seeking to join the two separate offenses in a single superseding indictment, we are constrained to grant the writ prohibiting the respondent from interfering with the legitimate function of the prosecutor, since the offenses charged in the underlying indictment and by felony complaint under Kings County Docket No. 97K026850 are clearly joinable under CPL 200.20 and the District Attorney is authorized by statute to proceed by superseding indictment (*see, Matter of Gold v Booth,* 79 AD2d 1013). Accordingly, we hold that the order of the respondent Justice "constitutes an unauthorized exercise of jurisdiction over both the Grand Jury proceeding and the quasi-executive function of a prosecutor [in the investigation of] crime" (*Matter of Gold v Booth, supra,* at 1013; *Matter of McGinley v Hynes,* 51 NY2d 116). We note, however, as we did in *Matter of Gold v Booth (supra),* that the defendant has several remedies available to him after the superseding indictment is filed. Mangano, P. J., Bracken, Rosenblatt, O'Brien and Ritter, JJ., concur.