■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RONNIE EDWARDS, Respondent. [658 NYS2d 415] —Appeal by the People from an order of the Supreme Court, Kings County (Dabiri, J.), dated April 25, 1996, which granted the defendant's motion to dismiss the indictment on the ground that he was

deprived of his right to testify before the Grand Jury pursuant to CPL 190.50.

Ordered that the order is reversed, on the law, the motion is denied, and the indictment is reinstated.

The defendant was arrested on three different dates for various drug-related and weapons possession charges. After obtaining separate indictments as to two of these incidents, the prosecutor sought to appear before a new Grand Jury and present evidence as to all three crimes, requesting that a single indictment supersede the two pending indictments. The defendant wished to testify and waive immunity only as to the matter for which he had not yet been separately indicted. The People indicated that they would not grant the defendant limited immunity. The defendant then withdrew his notice of intent to testify. The People proceeded with the Grand Jury presentation as to all three incidents and the Grand Jury returned a true bill on all charges. The Supreme Court then granted the defendant's motion to dismiss the indictment. We reverse.

A prosecutor has the freedom to obtain a new Grand Jury indictment to replace one that is pending, or any count within it, provided the new, "superseding", indictment is filed prior to commencement of trial or entry of a plea of guilty on the pending indictment (see, CPL 200.80; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 200.80, at 532). Moreover, a prosecutor is not required to present evidence of joinable crimes to separate Grand Juries (see, People v Simon, 187 AD2d 740; Matter of Gold v Booth, 79 AD2d 1013). Here, the crimes were joinable pursuant to CPL 200.20 (2) (b) and (c) and could properly be presented to one Grand Jury (see, Matter of Hynes v Tomei, 238 AD2d 591).

A defendant's right to testify encompasses those matters relevant to the case before the Grand Jury. However, the defendant is subject to examination by the People (see, CPL 190.50 [5] [b]; People v Smith, 84 NY2d 998, 1001; People v Burton, 191 AD2d 451). The Supreme Court erred in holding that the People could not question a testifying defendant about the very crimes that the Grand Jury was considering. Accordingly, the indictment is reinstated. Copertino, J. P., Thompson, Santucci and Friedmann, JJ., concur.