■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KEVIN HEMMINGS, Respondent. [694 NYS2d 469] —Appeal by the People from an order of the Supreme Court, Kings County (Firetog, J.), dated July 20, 1998, which granted the defendant's motion to dismiss the indictment on the ground that he was deprived of his right to testify before the Grand Jury pursuant to CPL 190.50.

Ordered that the order is reversed, on the law, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

On November 14, 1997, the defendant was arrested on charges that he had sexually abused and harassed a teenage girl in front of Sheepshead Bay High School. At the arraignment, the attorney assigned to represent the defendant informed the prosecutor that the defendant intended to exercise his right to testify before the Grand Jury. Two months later, on January 14, 1998, the defendant was arrested on charges that he had sexually abused and harassed another teenage girl at Sheepshead Bay High School. When the defendant was arraigned the following day, he was assigned a different attorney. The attorney assigned to the second case advised the People that the defendant did not wish to testify before the Grand Jury on that second matter. The prosecutor notified the attorney representing the defendant in the first case that both

cases would be presented to the same Grand Jury panel, and that the defendant might be questioned about the offenses allegedly committed against the second victim. The defense counsel in the first case responded by withdrawing the defendant's notice of intent to testify before the Grand Jury.

The People thereafter presented evidence concerning both cases to a single Grand Jury panel, which returned a true bill on all counts submitted to it. The defendant then moved to dismiss the indictment on the ground that he was deprived of his statutory right to testify before the Grand Jury, and the Supreme Court granted the motion, concluding that the defendant's right to testify had been abridged by the People's decision to present both cases to a single Grand Jury panel and to question the defendant as to all charges. We reverse.

It was not improper for the People to present evidence relating to both sets of sexual abuse and harassment charges to a single Grand Jury panel. It is well settled that a prosecutor is not required to present evidence of joinable crimes to separate Grand Jury panels (*see, People v Edwards,* 240 AD2d 427; *Matter of Hynes v Tomei,* 238 AD2d 591). Here, since the charges arising from the attacks on the two victims were defined by the same or similar statutory provisions, they were joinable pursuant to CPL 200.20 (2) (c), and could properly be presented to one Grand Jury (*see, People v Edwards, supra; Matter of Hynes v Tomei, supra*).

The People's decision to present joinable offenses to the same Grand Jury did not deprive the defendant of his right to testify. A prospective defendant who exercises the statutory right to testify before the Grand Jury generally waives the Fifth Amendment privilege against self-incrimination, and may be cross-examined about prior criminal or immoral acts affecting credibility (*see, People v Smith,* 87 NY2d 715, 718-719). Indeed, the statutory right to testify in a Grand Jury proceeding is expressly conditioned upon the defendant's willingness to waive the privilege against self-incrimination, and subject himself to cross-examination by the prosecutor (*see,* CPL 190.45; 190.50 [5] [b]). In *People v Smith (supra),* the Court of Appeals held that an exception to this general rule applies where the People seek to question the defendant about pending criminal charges which are unrelated to the crimes the Grand Jury is considering, reasoning that "requiring a prospective defendant wishing to testify to forego the Fifth Amendment protection and suffer incrimination as to unrelated pending charges would place a high constitutional price on the right to testify before the Grand Jury" (*People v Smith, supra,* at 720). In contrast to *People v*

*Smith,* here the People sought to cross examine the defendant about two sets of joinable offenses which were pending before the Grand Jury. As we concluded in *People v Edwards (supra),* which similarly involved a situation where the defendant wished to limit his testimony to one set of joinable offenses, the People are permitted to question a testifying defendant about the very crimes which the Grand Jury is considering. Accordingly, the defendant was not deprived of his right to testify before the Grand Jury by the prosecutor's decision to present joinable charges to the same panel, and the indictment is reinstated (*see, People v Edwards,* supra; *People v Panzardi,* 209 AD2d 1017; *Matter of Gold v Booth,* 79 AD2d 1013). Ritter, J. P., Altman, Krausman and Florio, JJ., concur.