THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON SAVERY, Appellant. [758 NYS2d 894] —Appeal from a judgment of Cayuga County Court (Corning, J.), entered November 30, 2001, convicting defendant after a jury trial of, inter alia, burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]) in connection with the burglary of the home of defendant's former coworker and two

counts of burglary in the third degree (§ 140.20) in connection with the burglary of two convenience stores from which defendant and his accomplices stole the ATM machines. Defendant failed to preserve for our review his contention that County Court erred in denying his severance motion because he failed to seek that relief "at the appropriate time" (*People v Russell,* 71 NY2d 1016, 1017 [1988], *rearg dismissed* 79 NY2d 975 [1992]). Defendant did not contend in his pretrial motion that the burglary counts based on the two incidents should be severed for trial (*see* CPL 255.10 [g]; 255.20 [1], [2]) but sought that relief orally after the jury was impaneled. "The purposes and requirements of the preservation rules are not satisfied by intertwining and piggy-backing distinct procedural steps of the criminal proceeding, as for example severance motions and [jury selection]" (*Russell,* 71 NY2d at 1017). In any event, that contention lacks merit. By failing to object to the court's jury charge, defendant also failed to preserve for our review his contention that the court improperly marshaled the evidence (*see* 470.05 [2]; *People v Williams,* 195 AD2d 986, 987 [1993], *lv denied* 82 NY2d 905 [1993]). In any event, that contention also lacks merit. We reject the further contention of defendant that he was denied effective assistance of counsel (*see generally People v Benevento,* 91 NY2d 708, 711-713 [1998]). The sentence is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Lawton and Hayes, JJ.