■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOISES COLON, Appellant. [760 NYS2d 848] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J., on pretrial motions; Alexander Hunter, J., at jury trial and sentence), rendered January 30, 2002, convicting defendant of forgery in the second degree, criminal possession of a forged instrument in the second degree (two counts), and theft of services, and sentencing him, as a second felony offender, to two consecutive terms of 2 to 4 years concurrent with terms of 2 to 4 years and 1 year, unanimously modified, on the law, to the extent of vacating the conviction of criminal possession of a forged instrument under the count relating to a Social Security card and dismissing that count, and otherwise affirmed.

The motion court properly denied defendant's motions to dismiss the indictment and to sever the counts relating to forgery, forged instruments and theft of services ("fare-beating") from the counts relating to attempted murder and related offenses. There was sufficient connection between the two sets of charges that proof of the forgery/fare-beating charges was material and admissible as evidence-in-chief on trial of the attempted murder charges (*see People v Bongarzone*, 69 NY2d 892 [1987]; *People v Esposito*, 301 AD2d 660 [2003]; *People v Nolan*, 277 AD2d 400 [2000], *lv denied* 96 NY2d 786 [2001]). Since the offenses were properly joinable under CPL 200.20 (2) (b), the court lacked statutory authority to sever (CPL 200.20 [3]). In any event, defendant's acquittal of the more serious attempted murder charge and related offenses indicates that defendant suffered no prejudice at all from the joinder and demonstrates that the jury was able to segregate the evidence as it related to the various offenses (*see People v Streitferdt*, 169 AD2d 171, 176 [1991], *lv denied* 78 NY2d 1015 [1991]).

Since the cases were joinable, the prosecutor was entitled to present them to a single grand jury and, when defendant exercised his right to testify, to question defendant about all the crimes the grand jury was considering (*People v Hemmings*, 264 AD2d 529 [1999], *lv denied* 94 NY2d 863 [1999]; *People v Edwards*, 240 AD2d 427 [1997], *lv denied* 90 NY2d 904 [1997]). Accordingly, defendant's right against self-incrimination was not violated by the prosecutor's questioning of defendant before the grand jury.

The verdict convicting defendant of second-degree forgery and possession of a forged instrument, relating to a forged Metrocard, was based on legally sufficient evidence and was not against the weight of the evidence. Based upon the evidence, the jury could reasonably infer that defendant possessed the altered card with intent to defraud (*see People v Washington*, 299 AD2d 286 [2002]).

However, as the People concede, dismissal of defendant's conviction for criminal possession of a forged instrument under the count relating to the Social Security card is required because defendant was also convicted of forgery based on the same instrument (Penal Law § 170.35).

We perceive no basis for reducing the sentence. Concur—Nardelli, J.P., Mazzarelli, Saxe, Rosenberger and Friedman, JJ.