OPINION OF THE COURT
Larry M. Himelein, J.
On or about April 26, 2003, defendant was arrested and charged with driving while intoxicated (DWI) as a felony in the *273 Village of Allegany. No preliminary hearing was held and defendant did not waive the case to the grand jury.
On May 31, 2003, defendant was arrested and charged with murder in the second degree in the Town of Great Valley. He allegedly shot and killed his brother. After a preliminary hearing on June 4, 2003, Town Court held defendant for grand jury action.
On or about June 30, 2003, defendant served a notice on the District Attorney that he intended to testify before the grand jury in connection with the murder charge. On July 3, 2003, Wendy Roberts, one of the attorneys representing defendant on the murder charge, received notice that the murder case would be presented to the grand jury on July 10, 2003. On the same date, Fern Adelstein, who represents defendant on the DWI charge and is cocounsel on the murder charge, received a notice that the DWI case would also be presented to the grand jury on July 10, 2003.
On July 7, 2003, Ms. Roberts and Ms. Adelstein wrote to the District Attorney indicating that defendant wished to testify on the murder charge but did not wish to testify on the DWI charge and asked that the two incidents be presented to separate grand juries. The District Attorney never responded to that letter. On July 10, 2003, Ms. Roberts and Ms. Adelstein again wrote to the District Attorney saying that since he had not responded to their request that the incidents not be presented to the same grand jury, they had no choice but to withdraw their request to have defendant testify.
Apparently, unbeknownst to the defense, only the murder case was presented to the grand jury on July 10, 2003. An indictment charging defendant with murder was returned on July 14, 2003. Defendant was arraigned on that date and pleaded not guilty. On July 18, 2003, defendant moved to dismiss the indictment on the grounds that he was denied his CPL 190.50 right to testify before the grand jury. Defendant claims that by ignoring his letter of July 7, 2003, and sending notices stating that both incidents would be presented to the same grand jury, the District Attorney prevented defendant from testifying on his own behalf on the murder charge.
The District Attorney contends that the People satisfied their CPL 190.50 obligation by serving the notice on the defense. He further contends that by withdrawing his request to testify before the grand jury, defendant has waived the claim that he was denied that right. In support of their waiver argument, the People cite People v Duran (266 AD2d 230 [1999], lv denied *274 94 NY2d 822 [1999]) and People v Flowers (283 AD2d 362 [2001], lv denied 96 NY2d 939 [2001]). Those cases, however, are distinguishable because here, defendant contends that the District Attorney’s conduct in scheduling nonjoinable cases for the same day and not responding to the letter asking that the cases not be presented the same day is what caused defendant to withdraw his request to testify.
Neither party has cited any authority on the specific grand jury claim and the court has found little. In People v Jorge (172 Misc 2d 795 [1997]), a defendant charged with two separate robberies moved in the arraignment court to require the People to present the cases to separate grand juries. He argued that he would be prejudiced if the same grand jury heard both cases because he was presenting different defenses. The arraignment court did not rule on the motion, the cases were presented to the same grand jury, and the grand jury returned an indictment charging the defendant with only one of the robberies. Notwithstanding that the separate robbery charges would have been joinable in a single indictment under CPL 200.20 (2) (c), the court dismissed the indictment because the People’s actions had a “coercive effect” on defendant’s choice to testify or not.
Defendant here concedes that a district attorney is not prohibited from presenting joinable cases to the same grand jury {see, People v Colon, 306 AD2d 213 [2003]; People v Hemmings, 264 AD2d 529 [1999]; People v Edwards, 240 AD2d 427 [1997]). However, contends defendant, implicit in those holdings is that nonjoinable offenses should not be presented to the same grand jury. There is some appeal to that argument and the judge in People v Jorge (172 Misc 2d 795 [1997]) would clearly agree; that indictment was dismissed, even though the cases were joinable, because the District Attorney presented two separate cases to the same grand jury.
Here, the District Attorney’s actions are hardly laudable. It would have been common courtesy to respond to defense counsels’ letter of July 7, 2003. Once they learned that both cases were noticed for presentation to the same grand jury on the same date, the defense attorneys did the only thing they could by informing the District Attorney that their client wanted to testify on the murder charge but not on the DWI. A response would probably have made this motion moot.
Both cases were noticed to the grand jury for July 10, 2003. A new grand jury was empaneled on July 14, 2003. Only four days would have been involved if one of the cases had been *275 presented to the new grand jury. Further, if speedy trial were an issue, a concern the court raised at oral argument, the DWI case could have been presented on July 10, 2003 and the murder charge to the next grand jury; an indictment charging murder is not subject to a statutory speedy trial dismissal (see CPL 30.30 [3] [a]). Moreover, once the defense served notice that defendant wished to testify on the murder charge, the court does not see any legitimate reason, and the District Attorney has not asserted one, to present nonjoinable charges to the same grand jury on the same date.
Nonetheless, the court cannot conclude that dismissal is mandated. In New York City, where People v Jorge was decided, multiple grand juries sit at the same time. It is easy to simply present separate cases to separate grand juries. In Cattaraugus County, a single grand jury sits for approximately three months and generally hears cases on a weekly or biweekly schedule. If a defendant was charged with a number of nonjoinable offenses, all of which were governed by the six-month readiness period of CPL 30.30 (1) (a), must the District Attorney present each nonjoinable offense to a different grand jury and hope that the exceptional circumstances period of CPL 30.30 (4) (g) will be found to be applicable? While that is not the case here, the court can envision the unintended consequences of a holding that it is prejudicial per se to present nonjoinable offenses to the same grand jury.
As noted earlier, despite the District Attorney’s noticing of both cases for the same date, it appears that only the murder case was presented on July 10, 2003. However, defendant was unaware of that because the District Attorney did not respond to his attorneys’ letter of July 7, 2003. Because the defense was kept in the dark about whether both cases were going to the grand jury at the same time, it is of no practical importance that they were not.
Nonetheless, while the court is not at all comfortable with the procedure followed here, the motion to dismiss is denied.