# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**227**

**KA 11-00417**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

CARMELO ECHEVARRIA, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered January 24, 2011. The judgment convicted defendant, upon a jury verdict, of robbery in the third degree and grand larceny in the fourth degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the third degree (Penal Law § 160.05) and two counts of grand larceny in the fourth degree (§ 155.30 [4], [5]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Issues of credibility and the weight to be accorded to the evidence are primarily for the jury's determination (*see People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942), and we perceive no reason to disturb the jury's resolution of those issues in this case. Contrary to defendant's further contention, we conclude that "there is not a grave risk that an innocent [person] has been convicted" (*People v Henderson*, 275 AD2d 948, 948, *lv denied* 95 NY2d 964 [internal quotation marks omitted]).

As defendant correctly concedes, by failing to object to the jury charge, he failed to preserve for our review his contention that County Court improperly marshaled the evidence when it instructed the jury on the issue of identification (*see People v Savery*, 305 AD2d 1071, 1072, *lv denied* 100 NY2d 598). In any event, that contention is without merit (*see People v Harrison*, 19 AD3d 705, 706, *lv denied* 5 NY3d 828; *People v Brazzley*, 287 AD2d 463, 464, *lv denied* 97 NY2d

679).

Entered:  March 27, 2015                    Frances E. Cafarell
                                            Clerk of the Court