# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

8

KA 14-00565

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

RAUL O. ACEVEDO, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (BRIAN D. DENNIS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered July 10, 2013. The judgment convicted defendant, upon a jury verdict, of attempted assault in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that the verdict is against the weight of the evidence. We reject that contention. There is no dispute that defendant struck the 60-year-old victim four times with a pool cue in a bar. The only disputed issue at trial was whether defendant acted in self-defense. Defendant's actions were captured on a surveillance video that was admitted in evidence at trial. The video establishes that the victim did not make physical contact with defendant, who was much younger and larger than the victim, and did not display a weapon. Although defendant testified that the victim threatened him with a knife earlier that evening outside the bar, the victim denied that he had done so, and the jury was free to discredit defendant's testimony in that regard inasmuch as it was "in the best position to assess the credibility of the witnesses" (*People v Orta*, 12 AD3d 1147, 1147, *lv denied* 4 NY3d 801). Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see People v Ohse*, 114 AD3d 1285, 1286-1287, *lv denied* 23 NY3d 1041; *see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant further contends that County Court should have instructed the jury that justification is a defense to the charge of criminal possession of a weapon in the third degree.  During the charge conference, however, defense counsel requested that instruction only with respect to attempted assault in the second degree, and he thus failed to preserve his present contention for our review (*see* CPL 470.05 [2]).  We note that, in any event, defendant correctly conceded at the time of the charge conference that justification was not a defense to the weapons offense (*see People v Pons*, 68 NY2d 264, 267; *People v Hawkins*, 113 AD3d 1123, 1124, *lv denied* 22 NY3d 1156; *People v Cohens*, 81 AD3d 1442, 1444, *lv denied* 16 NY3d 894).

Finally, based on our review of the record, and considering that defendant has been released to parole supervision, we perceive no basis upon which to modify the sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]).

Entered:  February 11, 2016                     Frances E. Cafarell
                                                Clerk of the Court