The People of the State of New York, Respondent,
against
Elhadji Kende, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Gilbert C. Hong, J.), rendered February 24, 2014, after a nonjury trial, convicting him of attempted criminal possession of a forged instrument in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Gilbert C. Hong, J.), rendered February 24, 2014, affirmed.
The accusatory instrument was not jurisdictionally defective. The misdemeanor information alleged that defendant was "operating a motor vehicle on a public highway;" that the officer "took one fraudulent New Jersey temporary license plate from where it was attached to the back of the defendant's vehicle," a plate that the officer knew was "fraudulent from [his] training and experience as a police officer in the identification of forged plates," including that the plate was "missing the standard perforations on the bottom of the plate and at the top" and that "the plate bar code and the stated expiration, which "must match on an authentic temporary plate," did not have the same date. 
Giving these facts "a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), we find that the accusatory instrument sufficiently alleged attempted criminal possession of a forged instrument in the third degree (see Penal Law §§ 110; 170.20). "[A]s a matter of common sense and reasonable pleading" (People v Davis, 13 NY3d 17, 31 [2009]), the information adequately alleged that the plate attached to defendant's vehicle was a forged instrument (see People v Hodges, 246 AD2d 824, 826 [1998]). Likewise, the information, read as a whole, specified information from which defendant's knowledge and intent could be inferred.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). After observing defendant driving a vehicle that had a "black tinted plastic plate cover" over the license plate, the police made a lawful stop for a traffic infraction (see People v Newman, 96 AD3d 34, 40 [2012], lv denied 19 NY3d 999 [2012], cert. denied 568 US 1131 [2013]; People v Brooks, 23 AD3d 847 [2005], lv denied 6 NY3d 810 [2006]; see also Vehicle and Traffic Law § 402). Since the court credited the testimony that the [*2]plate was obscured, the officer's belief that a traffic infraction had occurred was objectively reasonable, and thus the evidence recovered as a result of the stop need not be suppressed, even if, as defendant alleges, his out-of-state temporary plate was exempt from the requirements of Vehicle and Traffic Law § 402 (see People v Guthrie, 25 NY3d 130 [2015]; see also Vehicle and Traffic Law § 252). 
The verdict was based on legally sufficient evidence, and was not against the weight of the evidence. There is no basis for disturbing the court's determinations concerning credibility (see People v Danielson, 9 NY3d 342, 348—349 [2007]). The circumstances of defendant's use of the vehicle with the forged plate, his admission that he saw the plate before it was placed behind the tinted cover, his experience buying and shipping cars, and that he was unable to provide any insurance and registration for the vehicle, support an inference that he was aware that the temporary license plate had been forged (see People v Colon, 306 AD2d 213, 214 [2003], lv denied 1 NY3d 539 [2003]) and that there was no other logical explanation for his possession of that plate except to defraud, deceive or injure others (People v Bracey, 41 NY2d 296, 301 [1977]; see also People v Barnes, 50 NY2d 375, 381 [1980]; People v Dallas, 46 AD3d 489, 491 [2007], lv denied 10 NY3d 809 [2008]; People v Tunstall, 278 AD2d 585, 586—587 [2000], lv denied 96 NY2d 788 [2001]; cf People v Bailey, 13 NY3d 67 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: December 21, 2017