People v Brown (2020 NY Slip Op 05912)





People v Brown


2020 NY Slip Op 05912


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2014-01429
 (Ind. No. 4335/11)

[*1]The People of the State of New York, respondent,
v
Timothy Brown, appellant.


Janet E. Sabel, New York, NY (Jonathan Garelick of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Rhea A. Grob, Eva A. Oginar, Coby Ballard, and Dmitriy Povazhuk of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guy James Mangano, Jr., J.), rendered January 10, 2014, convicting him of rape in the first degree, rape in the third degree, unlawful imprisonment in the second degree, assault in the second degree, criminal obstruction of breathing or blood circulation, menacing in the third degree, criminal contempt in the first degree, criminal contempt in the second degree (15 counts), tampering with a witness in the fourth degree (two counts), and criminal solicitation in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support his convictions of rape in the first degree, rape in the third degree, unlawful imprisonment in the second degree, assault in the second degree, criminal obstruction of breathing or blood circulation, and menacing in the third degree is unpreserved for appellate review (see CPL 470.50[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
We also agree with the Supreme Court's determination granting the People's motion to resettle the trial transcript, and, after a hearing, finding that the transcript should reflect that the court read jury note number 20 into the record verbatim. "A party to an appeal is entitled to have his case show the facts as they really happened on the trial, and should not be prejudiced by an error or an omission of the stenographer" (People v Buccufurri, 154 App Div 827, 828; see People v [*2]Laracuente, 125 AD2d 705, 706). "[C]ourts possess 'inherent power to correct their records, where the correction relates to mistakes, or errors, which may be termed clerical in their nature, or where it is made in order to conform the record to the truth'" (People v Minaya, 54 NY2d 360, 364, quoting Bohlen v Metropolitan El. Ry. Co., 121 NY 546, 550-551; see People v Gammon, 19 NY3d 893, 895). Here, the evidence at the resettlement hearing supports the court's finding that the original transcript erroneously indicated the word "parts" instead of the word "counts" when the court read jury note number 20 into the record and that the incorrect word was the result of a stenographic or transcription error.
In light of the resettled transcript, there is no merit to the defendant's contention that the Supreme Court failed to comply with the procedure set forth in People v O'Rama (78 NY2d 270) with respect to that note and thus no basis for reversing the defendant's conviction due to a purported mode of proceedings error (see People v Bonds, 157 AD3d 713, 714-715).
DILLON, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court