People v Merrow (2021 NY Slip Op 05201)





People v Merrow


2021 NY Slip Op 05201


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


692 KA 16-00232

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JENNIFER J. MERROW, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, JEFFREY WICKS, PLLC (JEFFREY WICKS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered January 19, 2016. The judgment convicted defendant upon a jury verdict of assault in the second degree and driving while intoxicated. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of assault in the second degree (Penal Law
§ 120.05 [7]) and driving while intoxicated (DWI) as a misdemeanor (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [b] [i]), arising from a vehicular accident she caused while intoxicated and her subsequent physical altercation with a deputy during the booking process at a jail. We affirm.
We reject defendant's contention that the verdict is against the weight of the evidence with respect to the count of assault in the second degree. Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), it cannot be said that the jury failed to give the evidence the weight it should be accorded (see People v Acevedo, 136 AD3d 1357, 1357 [4th Dept 2016], lv denied 27 NY3d 1127 [2016]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's related assertion, " '[v]iewing the evidence in a neutral light and weighing the probative value of the conflicting testimony and the conflicting inferences that could be drawn, while deferring to the [jury's] ability to observe the witnesses and assess their credibility, aided by the video recording' " of the physical altercation (People v Simmons, 113 AD3d 1081, 1082 [4th Dept 2014]), we conclude that the jury's rejection of the justification defense is not against the weight of the evidence (see Acevedo, 136 AD3d at 1357; People v Porter, 304 AD2d 845, 846 [3d Dept 2003], lv denied 100 NY2d 565 [2003]). We also conclude, contrary to defendant's additional assertion, that "there is not a grave risk that an innocent [person] has been convicted" (People v Henderson, 275 AD2d 948, 948 [4th Dept 2000], lv denied 95 NY2d 964 [2000] [internal quotation marks omitted]; see People v Echevarria, 126 AD3d 1450, 1451 [4th Dept 2015], lv denied 26 NY3d 967 [2015]).
Defendant failed to object to County Court's jury instructions on the issue of physical injury and thus failed to preserve for our review her challenge to those instructions (see CPL 470.05 [2]; People v Smith, 45 AD3d 1483, 1483 [4th Dept 2007], lv denied 10 NY3d 771 [2008]). We decline to exercise our power to review that challenge as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Finally, defendant contends that the court erred in refusing to dismiss the indictment on the ground that she was deprived of her statutory right to testify before the grand jury when the [*2]People announced their intention to present the assault in the second degree and DWI charges to the same grand jury and refused to limit their examination of her to the assault charge only. We reject that contention. Here, the court properly concluded that the charges were joinable pursuant to CPL 200.20 (2) (b) (see People v Lee, 275 AD2d 995, 997 [4th Dept 2000], lv denied 95 NY2d 966 [2000]). Inasmuch as the charges were joinable, the People were "entitled to present them to a single grand jury and, [if] defendant exercised [her] right to testify, to question [her] about all the crimes the grand jury was considering" (People v Colon, 306 AD2d 213, 214 [1st Dept 2003], lv denied 1 NY3d 539 [2003]). We thus conclude that defendant "was not denied [her] statutory right to testify before the [g]rand [j]ury by the [People's] announced intention to present [the] joinable charge[s] to the same [g]rand [j]ury" (People v Panzardi, 209 AD2d 1017, 1017 [4th Dept 1994], lv denied 85 NY2d 912 [1995]; see People v Hemmings, 264 AD2d 529, 530-531 [2d Dept 1999], lv denied 94 NY2d 863 [1999]), nor by the People's refusal to limit their examination of her to the assault charge only (see Hemmings, 264 AD2d at 530-531; People v Edwards, 240 AD2d 427, 428 [2d Dept 1997], lv denied 90 NY2d 904 [1997]).
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court