People v Hodges (2021 NY Slip Op 06626)





People v Hodges


2021 NY Slip Op 06626


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
LARA J. GENOVESI, JJ.


2020-08269

[*1]The People of the State of New York, respondent,
v
Lawrence Hodges, appellant. (S.C.I. No. 1851/19)


Lawrence C. Hodges, named herein as Lawrence Hodges, Malone, NY, appellant pro se.
Timothy D. Sini, District Attorney, Riverhead, NY (Marcia R. Kucera and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Anthony Senft, J.), rendered July 16, 2020, convicting him of burglary in the third degree and criminal possession of stolen property in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant waived his right to be prosecuted by indictment and, under a superior court information, entered a plea of guilty to burglary in the third degree and criminal possession of stolen property in the fourth degree. As a condition of the plea agreement, the defendant waived his right to appeal. As promised by the County Court at the time of his plea, the defendant was sentenced to consecutive terms of imprisonment upon his convictions of the two crimes. The defendant appeals.
The defendant's contention that the superior court information is jurisdictionally defective because counts 2 and 3 thereof violate Criminal Procedure Law § 195.20 is not forfeited by his plea of guilty to that superior court information or precluded by his valid waiver of his right to appeal, and may be raised for the first time on appeal (see People v Pierce, 14 NY3d 564, 568; People v Griffin, 173 AD3d 1203, 1205). However, this contention is without merit.
A defendant held for the action of a grand jury may waive indictment and consent to prosecution by a superior court information (see NY Const, art I, § 6; CPL 195.10[1]; People v Milton, 21 NY3d 133, 135; People v D'Amico, 76 NY2d 877, 879). In describing the offenses to be charged in a superior court information, Criminal Procedure Law § 195.20 provides that the offenses named in the written waiver of indictment and charged in the subsequent superior court information "may include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable therewith pursuant to sections 200.20 and 200.40." "The waiver procedure is triggered by the defendant being held for Grand Jury action on charges contained in a felony complaint and it is in reference to those charges that its availability must be measured" (People v D'Amico, 76 NY2d at 879 [citation omitted]; see People v Pierce, 14 NY3d at 571). Thus, [*2]where the waiver of indictment and the superior court information include at least one offense for which the defendant was charged in the felony complaint, Criminal Procedure Law § 195.20 permits a waiver of indictment and a superior court information to also include "any offense" that is "properly joinable" pursuant to Criminal Procedure Law §§ 200.20 and 200.40 (see People v Pierce, 14 NY3d at 572-573; People v Zanghi, 79 NY2d 815, 818; People v Griffin, 173 AD3d at1205-1206).
Here, the defendant does not contest that count 1 of the superior court information, charging him with burglary in the third degree, was an appropriate "triggering offense" for the waiver of indictment, since he was charged by felony complaint with burglary in the second degree, of which burglary in the third degree is a lesser included offense (People v Pierce, 14 NY3d at 572). Contrary to the defendant's contention, the remaining two counts of the superior court information, charging the defendant with criminal possession of stolen property in the fourth degree, were joinable with one another and with the burglary charge. Counts 2 and 3, both charging criminal possession of stolen property in the fourth degree, were joinable pursuant to CPL 200.20(2)(c), as "such offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law." Counts 1 and 2 were joinable pursuant to CPL 200.20(2)(a), as these charges arose from the same criminal transaction. It follows that counts 3 and 1 were joinable pursuant to CPL 200.20(2)(d), since each of these charges was joinable with count 2. Thus, contrary to the defendant's further contention, that the criminal possession of stolen property counts of the superior court information were of a higher degree than the criminal possession of stolen property charges he initially faced under two related misdemeanor informations did not render the superior court information jurisdictionally defective, since the burglary charge served as a sufficient "jurisdictional predicate" (People v Zanghi, 79 NY2d at 817), with which the two possession of stolen property charges were properly joined (see CPL 200.20[2]; People v Pierce, 14 NY3d at 572-573; People v Griffin, 173 AD3d at 1206).
A challenge to the legality of a sentence survives a valid waiver of the right to appeal (see People v Lopez, 6 NY3d 248, 255; People v Callahan, 80 NY2d 273, 280), and may be raised notwithstanding a plea of guilty (see People v Laureano, 87 NY2d 640, 643). However, contrary to the defendant's contention, the County Court was authorized to impose consecutive sentences for the defendant's convictions of burglary in the third degree and criminal possession of stolen property in the fourth degree because those crimes involved separate and distinct acts (see Penal Law § 70.25[2]; People v Frazier, 16 NY3d 36, 40-41; People v Brisco, 174 AD3d 639, 639).
MASTRO, J.P., BRATHWAITE NELSON, IANNACCI and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court