People v Wright (2023 NY Slip Op 03365)

People v Wright

2023 NY Slip Op 03365

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2020-07750
 (Ind. No. 1245/19)

[*1]The People of the State of New York, respondent,
v
Johnathan J. Wright, appellant.

Mark Diamond, Pound Ridge, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Edward A. Bannan and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark D. Cohen, J.), rendered December 19, 2019, convicting him of criminal possession of a controlled substance in the seventh degree and criminal use of drug paraphernalia in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his plea was not knowing, voluntary, and intelligent. Since this issue would survive even a valid waiver of the right to appeal, we do not consider the validity of the defendant's appeal waiver (see People v Seaberg, 74 NY2d 1, 10; People v Banks, 207 AD3d 555, 555; People v Gomez, 137 AD3d 1161, 1162). Nevertheless, this contention is unpreserved for appellate review since the defendant did not move to vacate his plea or otherwise raise this issue before the County Court (see CPL 470.05[2]; People v Peralta, 171 AD3d 948, 948; People v Kovalsky, 166 AD3d 900, 901; People v Ramos, 164 AD3d 922, 922). Moreover, "the 'rare case' exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea" (People v Ramos, 164 AD3d at 922-923, quoting People v Lopez, 71 NY2d 662, 666; see People v Davis, 24 NY3d 1012, 1013; People v Stone, 91 AD3d 977, 977). In any event, the record establishes that the defendant's plea of guilty was knowing, voluntary, and intelligent (see People v Goldstein, 12 NY3d 295, 301; People v Ramos, 164 AD3d at 923).
The defendant's challenge to the legality of the sentence also survives a waiver of the right to appeal (see People v Lopez, 6 NY3d 248, 255; People v Callahan, 80 NY2d 273, 280), and may be raised notwithstanding a plea of guilty (see People v Laureano, 87 NY2d 640, 643). However, contrary to the defendant's contention, the County Court was authorized to impose consecutive sentences for the defendant's convictions of criminal possession of a controlled substance in the seventh degree and criminal use of drug paraphernalia in the second degree because those crimes involved separate and distinct acts (see Penal Law § 70.25[2]; People v Frazier, 16 NY3d 36, 40-41; People v Hodges, 199 AD3d 1015, 1017).
The defendant's remaining contention is without merit.
BRATHWAITE NELSON, J.P., GENOVESI, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court