People v Moss
2026 NY Slip Op 03827
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Lumumba Moss, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2019-11068, (Ind. No. 1762/17)
Hector D. Lasalle, P.J.
Francesca E. Connolly
Janice A. Taylor
Elena Goldberg Velazquez, JJ.

Patricia Pazner, New York, NY (Russ Altman-Merino of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Julian Joiris, and Jeffrey Eng of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered September 11, 2019, convicting him of burglary in the first degree, robbery in the first degree (two counts), and kidnapping in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, he was not denied the right to testify before a grand jury panel regarding one incident when advised the prosecution would question him about a second incident to be presented to the same grand jury panel. "It is well settled that a prosecutor is not required to present evidence of joinable crimes to separate Grand Jury panels" (People v Hemmings, 264 AD2d 529, 530; see People v Alston, 71 AD3d 684, 686; People v Colon, 306 AD2d 213, 214). "Two offenses are properly joinable in the same indictment when . . . they 'are defined by the same or similar statutory provisions and consequently are the same or similar in law'" (People v Manning, 239 AD3d 887, 888, quoting CPL 200.20[2][c]; see People v Hodges, 199 AD3d 1015, 1015; People v Hartnagel, 176 AD3d 971, 971). Here, the prosecution established that the charges stemming from the two incidents, occurring eight days apart, were joinable, as they were defined by the same or similar statutory provisions and, consequently, were the same or similar in law (see People v Nicholson, 210 AD3d 1009, 1011). Accordingly, the charges from the two incidents could properly be presented to one grand jury, and the prosecution could cross-examine the defendant about both incidents if he chose to testify (see People v Edwards, 240 AD2d 427, 428; see also People v Merrow, 198 AD3d 1302, 1304).
The Supreme Court properly granted the prosecution's motion to settle the trial transcript. "A party to an appeal is entitled to have his [or her] case show the facts as they really happened on the trial, and should not be prejudiced by an error or an omission of the stenographer" (People v Buccufurri, 154 App Div 827, 828; see People v Bethune, 29 NY3d 539, 541), and "courts possess inherent power to correct their records . . . to conform the record to the truth" (People v Rodriguez, 139 AD3d 883, 883 [brackets and internal quotation marks omitted]; see People v Minaya, 54 NY2d 360, 364; Bohlen v Metropolitan El. Ry. Co., 121 NY 546, 550-551). Moreover, "[t]he trial judge is the 'final arbiter of the record' certified to the appellate courts" (People v [*2]Bethune, 29 NY3d at 541, quoting People v Alomar, 93 NY2d 239, 247; see People v Timmons, 165 AD3d 1597, 1600), and "[n]ot every dispute about the record mandates a reconstruction hearing" (People v Santorelli, 95 NY2d 412, 424 [emphasis omitted]). "In certain circumstances, [the] Supreme Court can deny a party's request for such a hearing when it concludes the exercise is not necessary to elucidate what originally took place" (People v Bethune, 29 NY3d at 542). Here, the court properly corrected the transcript to reflect that it contained the word "robber" instead of the word "robbery" when the court read jury note 1 into the record. Contrary to the defendant's contention, under the facts of this case, the prosecution's failure to comply with the time limit set forth in CPLR 5525(c) did not warrant denial of the motion (see e.g. People v Laracuente, 125 AD2d 705, 709 [Bracken, J., dissenting]; People v Martinez, 115 AD2d 768; see also People v Brown, 187 AD3d 1035, 1036; People v Law, 199 AD2d 282, 283).
In light of the resettled transcript, there is no merit to the defendant's contention that the Supreme Court failed to comply with the procedure set forth in People v O'Rama (78 NY2d 270) with respect to jury note 1 and, thus, no basis for reversing the defendant's conviction due to a purported mode of proceeding error (see People v Potomont, 225 AD3d 789, 790-791; People v Jordan, 200 AD3d 715, 716).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LASALLE, P.J., CONNOLLY, TAYLOR and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court